UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 05 B 63193 |
| | ) | Chapter 9 |
| SLOCUM LAKE DRAINAGE DISTRICT | ) | Judge John H. Squires |
| OF LAKE COUNTY, | ) | |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Zukowski, Rogers, Flood & McArdle ("ZRF&M") to dismiss the Chapter 9 bankruptcy petition filed by Slocum Lake Drainage District of Lake County (the "Debtor") pursuant to 11 U.S.C. §§ 921(c) and 930. The issue is whether under 11 U.S.C. § 109(c)(2) the Debtor was specifically authorized by Illinois law, either in its capacity as a municipality or by name, to be a debtor under Chapter 9 of the Bankruptcy Code or whether it was authorized by a governmental officer or organization empowered by Illinois law to be a debtor. For the reasons set forth herein, the Court grants the motion to dismiss pursuant to § 921(c). The Court finds that the Debtor is not eligible to file a Chapter 9 petition under § 109(c)(2) because it was not specifically authorized, in its capacity as a municipality or by name, to be a debtor under any Illinois statute, nor was it authorized by a governmental officer or organization empowered by Illinois law to be a debtor under Chapter 9.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District

-2-

of Illinois. Pursuant to 11 U.S.C. § 921(b) and by Order dated November 2, 2005, the Chief Judge of the Court of Appeals for the Seventh Circuit designated the undersigned bankruptcy judge to conduct this case. The motion at bar is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. **FACTS, BACKGROUND, AND ARGUMENTS OF THE PARTIES**

There are no material factual issues in dispute. The Debtor is an Illinois drainage district and, thus, a "municipality" as defined in 11 U.S.C. § 101(40). The Debtor filed a voluntary Chapter 9 petition on October 25, 2005. The Debtor's schedules list six creditors, including ZRF&M, holding disputed, unsecured non-priority claims and three creditors, who appear to be commissioners of the Debtor, holding undisputed, unsecured priority claims. ZRF&M's debts are listed as disputed in the sums of $9,270.00 and $93,961.85 with respect to their legal services as corporate counsel for the Debtor.

On November 11, 2005, ZRF&M filed the motion at bar challenging the Debtor's eligibility to file a Chapter 9 petition under § 109(c)(2). ZRF&M argues that the Debtor was not specifically authorized by any Illinois statute to be a Chapter 9 debtor and, thus, the petition should be dismissed. ZRF&M also contends that the petition was not filed in good faith. The Court must initially address whether the Debtor was eligible to file the petition. As discussed in Section III *infra* of the instant Memorandum Opinion, the Court need not reach the issue of good faith.

The Debtor opposes the motion and asserts that this is a case of first impression because there has not been a Chapter 9 petition filed in the Northern or Central Districts of Illinois since

-3-

January 1, 1995. The Debtor notes that there have been four Chapter 9 cases filed in the Southern District of Illinois and that none of those cases was dismissed under § 109(c)(2). According to the Debtor, those cases should be considered in the matter at bar because no good faith or eligibility challenges were raised there.

In addition, the Debtor cites to the Illinois Drainage Code, 70 ILCS 605/1-1 *et seq.* (2002), and the Illinois Public Water District Act, 70 ILCS 3705/0.01 *et seq.* (2002), as examples of statutory authorization of its Chapter 9 bankruptcy filing. The relevant portions of those statutes provide as follows:

> § 4-14. General powers of commissioners. The commissioners constitute the corporate authorities of the district and shall exercise the corporate functions conferred by law. The commissioners are empowered to: . . . (h) in the corporate name of the district, contract, sue and be sued, plead and be impleaded, *and do and perform all acts and things, whether express or implied, that may be reasonably required in order to accomplish the purposes of this Act.*

70 ILCS 605/4-14 (2002) (emphasis supplied).

> § 5. The trustees appointed in pursuance of the foregoing provisions of this Act shall constitute a board of trustees for the district for which they are appointed. Such board of trustees is hereby declared to be the corporate authority of such district and *shall exercise all the powers, manage and control all the affairs and properties of such district, and shall have power to adopt a corporate seal for such district.* . . .

70 ILCS 3705/5 (2002) (emphasis supplied).

In defense of the motion, the Debtor also cites the Illinois Local Government Financial Planning and Supervision Act, 50 ILCS 320/1 *et seq.* (2002), which provides among the various powers of a commission and financial advisor appointed under that Act the power to

-4-

"[r]ecommend that the unit of local government file a petition under Chapter 9 of the United States Bankruptcy Code." 50 ILCS 320/9(b)(4) (2002) (footnote omitted).

According to ZRF&M, reliance on the above-cited sections of the Illinois Drainage Code, the Illinois Public Water District Act, and the Illinois Local Government Financial Planning and Supervision Act is misplaced because those statutes are "catch all" provisions that do not specifically authorize an Illinois municipality to file a Chapter 9 petition. In contrast to the Illinois statutes, ZRF&M points to section 53760 of the California Government Code as an example of the requisite statutory language that specifically authorizes a municipality to file bankruptcy. Section 53760 provides as follows:

> (a) Except as otherwise provided by statute, a local public entity in this state may file a petition and exercise powers pursuant to applicable federal bankruptcy law.
>
> (b) As used in this section, "local public entity" means any county, city, district, public authority, public agency, or other entity, without limitation, that is a "municipality" as defined in paragraph (40) of Section 101 of Title 11 of the United States Code (bankruptcy), or that qualifies as a debtor under any other federal bankruptcy law applicable to local public entities.

CAL. GOV'T CODE § 53760 (2005).

### III. DISCUSSION

Pursuant to 11 U.S.C. § 921(c), a court may, after notice and a hearing, "dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title." 11 U.S.C. § 921(c). Section 109(c) sets forth the requirements with respect to who may be a debtor under Chapter 9 and provides in relevant part as follows:

-5-

> (c) An entity may be a debtor under chapter 9 of this title if and only if such entity—
>
> > (1) is a municipality;
> >
> > (2) is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter. . . .

11 U.S.C. § 109(c)(1) and (2). There are three other requirements that an entity must satisfy before it is considered eligible to file a Chapter 9 petition. *See* 11 U.S.C. § 109(c)(3)-(5). ZRF&M disputes only that the Debtor was "specifically authorized" to file the petition under § 109(c)(2). Therefore, the Court will not discuss the other elements.

The legislative history of the 1994 amendments to the Bankruptcy Code and in particular to § 109(c)(2) illustrates the problems with the prior version of the Code:

> Under section 901 of the Bankruptcy Code, a municipality may file for bankruptcy if, among other things, it is "generally authorized" to do so under State law. The courts have split regarding whether this provision requires express statutory authorization by State law in order for a municipality to file for bankruptcy. *This section clarifies the eligibility requirements applicable to municipal bankruptcy filings by requiring that municipalities be specifically authorized by the State in order to be eligible to file for bankruptcy.*

H.R. REP. NO. 103-835, at 59 (1994) (footnote omitted), *as reprinted in* 1994 U.S.C.C.A.N. 3368 (emphasis supplied).

The legislative history expressly draws a distinction between the pre-amendment "generally authorized" language and the post-amendment "specifically authorized" requirement and makes it clear that the statute was amended to resolve the split among the cases on the issue

-6-

of whether express statutory authorization is required by state law in order for a municipality to file bankruptcy under Chapter 9. The case law relied on by the Debtor based on the prior version of the statute is therefore inapposite and not controlling.

In short, specific authorization by a state is necessary in order for a municipality to be eligible to file for bankruptcy. *Id.*; *In re County of Orange*, 183 B.R. 594, 604 (Bankr. C.D. Cal. 1995). Further, that authorization must be "exact, plain, and direct with well-defined limits so that nothing is left to inference or implication." *County of Orange*, 183 B.R. at 604; *see also In re Allegheny-Highlands Econ. Dev. Auth.*, 270 B.R. 647, 649 (Bankr. W.D. Va. 2001) (*quoting County of Orange*).

The Debtor has the burden of proof to establish that it is eligible to be a debtor under Chapter 9. *See In re City of Bridgeport*, 129 B.R. 332, 334 (Bankr. Conn. 1991). The Court finds that the Debtor has not met that burden. First, the fact that eligibility was not challenged in the Chapter 9 cases filed in the Southern District of Illinois is of no consequence here and does not serve as proof of this Debtor's eligibility. More importantly, the Court finds that the general authority contained in the cited Illinois statutes is insufficient to meet the "specifically authorized" requirement of § 109(c)(2). The language utilized in the Illinois Drainage Code and the Illinois Public Water District Act constitutes general authorization to exercise the powers and manage and control the affairs of the municipal corporations subject to those statutes. However, neither statute contains specific authorization for entities to seek relief under Chapter 9 of the Bankruptcy Code. Moreover, under the Illinois Local Government Financial Planning and Supervision Act, there has not been a commission or financial advisor appointed to recommend that the Debtor file a Chapter 9 petition. *See* 50 ILCS 320/9(b)(4). Had the Illinois General Assembly intended to

-7-

specifically authorize this Debtor or other municipalities to seek relief under Chapter 9, it could have easily drafted appropriate legislation, but has not done so.

In marked contrast to the Illinois statutes, the California statute cited *supra* clearly shows an intent by the state legislative body to specifically authorize a local public entity to file a Chapter 9 bankruptcy petition. *See* CAL. GOV'T CODE § 53760. Such specific authorization does not presently exist in Illinois. Independent research by the Court has not revealed any Illinois statute containing the specific authorization required by § 109(c)(2).

The Court declines the Debtor's request to stay, rather than dismiss, this matter until the Debtor is able to seek relief under the Illinois Local Government Financial Planning and Supervision Act. The Debtor has had the benefit of the automatic stay under 11 U.S.C. § 362(a) for several months even though it is not eligible for relief under Chapter 9 as discussed *supra*. Eligibility is properly measured at the time the petition is filed, not at some later or indeterminable future date. The attendant costs and fees of this proceeding must be borne by the parties who necessarily incurred them and are not sufficient grounds to further delay ruling on the pending motion. It is not equitable to the Debtor's creditors to continue to stay the exercise of their available remedies under Illinois law any longer. Thus, the Court will not stay this matter nor suspend all proceedings under 11 U.S.C. § 305(a)(1), while the Debtor seeks relief under the Illinois Local Government Financial Planning and Supervision Act, which it is free to do outside of bankruptcy.

Accordingly, ZRF&M's motion to dismiss the Debtor's Chapter 9 petition pursuant to § 921(c) is granted because the Debtor was not specifically authorized when it filed the petition in this case, in its capacity as a municipality or by name, to be a debtor under Chapter 9 by Illinois

-8-

law, nor was it authorized by a governmental officer or organization empowered by Illinois law to be a debtor. Consequently, the Court need not address the issue of whether the petition was filed in good faith.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the motion of ZRF&M to dismiss the Debtor's Chapter 9 petition.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 1/19/6

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Slocum Lake Drainage District of Lake County

### Bankruptcy No. 05 B 63193

Thomas D. Laue, Esq.
Kenneth B. Drost, Esq.
Drost & Laue, LLC
111 Lions Drive, Suite 206
Barrington, IL 60010

Michael G. Cortina, Esq.
Zukowski, Rogers, Flood & McArdle
50 Virginia Street
Crystal Lake, IL 60014

Ira Bodenstein, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

Hon. Joel M. Flaum, Chief Judge
United States Court of Appeals
for the Seventh Circuit
219 S. Dearborn Street, Room 2702
Chicago, IL 60604